*Richard John Tallant v. State of Maryland*, Nos. 0588 & 1253, Sept. Term 2020.
Opinion by Zic, J.

**COURT ORDERS – CONSTRUCTION AND INTERPRETATION**

The Court of Appeals has determined that "court orders are construed in the same manner as other written documents and contracts, and if the language of the order is clear and unambiguous, the court will give effect to its plain, ordinary, and usual meaning, taking into account the context in which it is used." *Taylor v. Mandel*, 402 Md. 109, 125 (2007) (citation omitted). Here, the court's order, which granted the motion to strike and seal appellant's Supplemental Motion for New Trial and Request for a Hearing, was unambiguous. Considering the plain language of the order and the context in which it was used, the Supplemental Motion was not *denied* on the merits but was *stricken* from the record.

**ACCESS TO JUDICIAL RECORDS – FORMER MARYLAND RULE 16-912 – SEALING JUDICIAL RECORDS IN CRIMINAL PROCEEDINGS**

Former Maryland Rule 16-912, which addressed the sealing of court records, provides that "[a]fter an opportunity for a full adversary hearing, the court shall enter a final order," which "shall include findings regarding the interest sought to be protected by the order." Former Rule 16-912(d)(1)–(2). Further, "[a] final order that precludes or limits inspection of a case record shall be as narrow as practicable in scope and duration to effectuate the interest sought to be protected by the order." Former Rule 16-912(d)(3). In this case, the court abused its discretion by granting the motion to seal because it did not comply with former Rule 16-912's procedural requirements: it failed to conduct a hearing, failed to make findings regarding the interest sought to be protected, and did not craft an order that was narrow in scope.

Circuit Court for Prince George's County
Case No. CT190907X

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

Nos. 0588 & 1253

September Term, 2020

---

RICHARD JOHN TALLANT

v.

STATE OF MARYLAND

---

Leahy,
Zic,
Sharer, J. Frederick
  (Senior Judge, Specially Assigned),

JJ.

---

Opinion by Zic, J.

---

Filed:  May 31, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Richard Tallant, appellant, was convicted by a jury in the Circuit Court for Prince George's County of one count of second-degree sexual offense on December 19, 2019. He was sentenced on December 16, 2020 to ten years of incarceration with all but seven years suspended and four years of supervised probation. We limit our review of the facts and procedural history as necessary to address the questions presented, which we have largely recast. The relief that he requests on appeal is a new trial and different trial judge. While we do not provide him with that relief, we remand the case for further proceedings because we hold that the circuit court abused its discretion when it granted the State's "Motion to Strike [Mr. Tallant]'s Supplemental Motion for New Trial and Motion to Seal."

## BACKGROUND

### *Mr. Tallant's First Motion for New Trial, Motion for Reconsideration, and Motion for Appropriate Relief*

Following his conviction, Mr. Tallant filed a Motion for New Trial pursuant to Maryland Rule 4-331(a) on December 30, 2019. The State filed an opposition on January 10, 2020. The circuit court denied Mr. Tallant's motion without a hearing on January 21, 2020.

On February 13, 2020, Mr. Tallant filed a Motion for Reconsideration of Denial for New Trial. In response, the State filed an Answer to Motion for Reconsideration of Denial for New Trial on February 20, 2020. Mr. Tallant filed a Motion for Appropriate Relief on March 4, 2020. The court did not rule on the Motion for Reconsideration or the

Motion for Appropriate Relief, and no hearing was scheduled as requested in the Motion for Appropriate Relief.

### *Mr. Tallant's Supplemental Motion for New Trial and the State's Motion to Strike and Seal*

On June 9, 2020, Mr. Tallant filed a Supplemental Motion for New Trial and Request for a Hearing ("Supplemental Motion").[1]  This motion was brought pursuant to Maryland Rule 4-331(a) and (c) and *Brady v. Maryland*, 373 U.S. 83 (1963).  Mr. Tallant relies on Rule 4-331(c) for his motion for a new trial based on newly discovered evidence.  In his Supplemental Motion, Mr. Tallant asserts that the following evidence was newly discovered[2]:

1. Lt. Black's[3] complete Investigator's Activity Summary ("Black's suppressed Summary"), which the State failed to disclose, contained notations through December 19, 2019, the date of the verdict, while the version prosecutors disclosed contained a last entry date of August 20, 2019. *See* Exhibits 4; 4A.

2. Per Lt. Black's suppressed Summary, prosecutors met with Lt. Jackson on August 23, 2019.  *See* Exhibit 4A.

3. It is alleged that prosecutors discussed [the victim]'s statement with Lt. Jackson during their August 23, 2019

---

[1] Mr. Tallant states that his Supplemental Motion was filed on June 4, 2020. Although the certificate of service is dated June 4, 2020, the date stamp reflects that the motion was filed on June 9, 2020.  The attachments to the Supplemental Motion are labeled as appendices and exhibits.

[2] Additionally, Mr. Tallant alleges that the following also constituted newly discovered evidence:  the existence of an active Prince George's County Police Department investigation about the alleged assault, and a civil complaint filed on February 10, 2020 by the victim against Mr. Tallant.

[3] Lieutenant Black was an Internal Affairs Division investigator in the Prince George's County Police Department.

meeting, and further, that they asked him how he felt about the fact that his statement did not match her statement.

4. Lt. Black's suppressed Investigator's Activity Summary further indicates that following their August 23, 2019 meeting with [Lt.] Jackson, prosecutors inquired as to [the victim]'s allegations against him; later sought additional information about said allegations; and planned to postpone their presentation of the case to the Grand Jury seemingly to await the information they requested. *See* Exhibit 4A.

5. Further, Lt. Black's suppressed Summary of Investigative Activity reflects that on September 17, 2019 [the prosecutor] informed Lt. Black that she became aware of rumors circulating that [the victim] was flirting with Lt. Tallant on the evening in question prior to the alleged incident and requested that he conduct additional witness interviews.

6. Based on Lt. Black's suppressed Summary, it is evident that the State was aware of the rumors, so notwithstanding prosecutors' failure to disclose [Lt.] Black's actual Summary, the State failed to disclose the substance of the reported flirting and intentionally suppressed the following:
   - the source(s) of the rumors
   - when the rumors were first reported
   - the specificity of what was said and to whom it was conveyed
   - whether Lt. Black or any other PGPD detective investigated the rumors
   - the investigative notes
   - the outcome of such investigations

(footnotes omitted).

3

The State responded by filing a Motion to Strike Defendant's Supplemental Motion for New Trial and Motion to Seal[4] ("Motion to Strike and Seal"), which was a total of two pages and single-spaced. In its motion, the State sought to seal Mr. Tallant's Supplemental Motion and its Motion to Strike and Seal. On June 22, 2020, Mr. Tallant filed an Opposition and Request for a Hearing in Response to the State's Motion to Strike Defendant's Supplemental Motion for New Trial and Motion to Seal ("Opposition to State's Motion to Strike and Seal"), asking the court to deny the State's request or to alternatively conduct a full adversary hearing.

The court granted the State's Motion to Strike and Seal on June 30, 2020 without a hearing. In its order, the court did not provide its rationale for striking the Supplemental Motion or sealing the filings. Further, the court failed to address the merits of Mr. Tallant's arguments concerning the newly discovered evidence. On August 3, 2020, Mr. Tallant filed a notice of appeal, appealing from the court's order granting the State's Motion to Strike and Seal.

This appeal was assigned No. 0588, Sept. Term 2020. We note that this appeal was filed more than 30 days from the court's order granting the Motion to Strike and Seal. *See* Md. Rule 8-202(a) (providing that "the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken"); *see also* Kevin F. Arthur, *Finality of Judgments and Other Appellate Trigger Issues* 17-18 (3d ed. 2018) (noting that "[a]n aggrieved party has 30 days from the clerk's entry of the judgment on

---

[4] This motion bears date stamps from June 6, 2020 and June 8, 2020; the certificate of service is dated June 5, 2020.

the docket to appeal from the circuit court to the Court of Special Appeals" and that an appellate court is authorized to "dismiss an untimely notice of appeal" on its own motion or on the motion of the opposing party (first citing Md. Rule 8-202(a); and then citing Md. Rule 8-602(a))).

The Court of Appeals, however, has recognized that the 30-day requirement of "Rule 8-202(a) is a claim-processing rule, and not a jurisdictional limitation." *Rosales v. State*, 463 Md. 552, 563-68 (2019) (explaining that a "jurisdictional rule" is prescribed by statute while a "claim-processing rule" does not involve a time limit set forth by the legislature). While Rule 8-202(a) "remains a binding rule on appellants," *id.* at 568, "the failure to file an appeal within the time limit . . . does not divest an appellate court of jurisdiction to hear the [untimely] appeal." *Taylor v. State*, 473 Md. 205, 225 n.14 (2021). Because Rule 8-202(a) "is not jurisdictional, a reviewing court must examine whether waiver or forfeiture applies to a belated challenge to an untimely appeal." *Rosales*, 463 Md. at 568.

We do not dismiss appeal No. 0588 for untimeliness. Here, the State did not include a motion to dismiss in its brief or otherwise contend that appeal No. 0588 was untimely. *See* Md. Rule 8-603(c) (permitting appellee to include a motion to dismiss in its brief); *Thompson v. State*, 229 Md. App. 385, 400 (2016) (noting that, pursuant to Rule 8-504, "[a]rguments not presented in a brief . . . will not be considered on appeal" (alteration in original) (quoting *Wallace v. State*, 142 Md. App. 673, 684 n.5 (2002))). The State waived any objection to the issue of untimeliness; indeed, "this issue has proceeded through the appellate system without the State . . . objecting to a review on the

merits by the Court of Special Appeals." *Rosales*, 463 Md. at 569. Furthermore, the

appeal was consolidated with another timely appeal, No. 1253, Sept. Term 2020, which

was filed within 30 days of the December 16, 2020 sentencing hearing. We reach the

merits of appeal No. 0588 because the issues have been fully briefed, to provide

instruction on remand, and to avoid "unjustifiable expense and delay." Md. Rule 1-

201(a).

### *Mr. Tallant's Motion to Clarify, the November 6 Proceeding, and the December 16 Sentencing*

On November 5, 2020, Mr. Tallant filed a Motion to Clarify the Court's Ruling on

the Motion for New Trial Based on Newly Discovered Evidence. On November 6, 2020,

at the beginning of what was scheduled as a sentencing hearing, the circuit court

addressed that motion:

> Yesterday, the defendant filed a motion to clarify the [c]ourt's ruling on a motion for a new trial based on newly-discovered evidence. For the record, the [c]ourt finds that a prima facie case and prima facie basis for granting a new trial was not established. Furthermore, the [c]ourt finds that it was not merely newly-discovered evidence. Nonetheless, the [c]ourt will hear from the defendant and the State under a reconsideration.[5]

---

[5] The court appears to be clarifying a prior ruling on the merits of Mr. Tallant's Supplemental Motion. There was, however, no such prior ruling. As indicated above, the court struck the Supplemental Motion without addressing the substance of Mr. Tallant's contentions. Thus, the court could not clarify a ruling on the merits that it did not in fact make. To the extent the court was ruling on the merits of the Supplemental Motion for the first time, such a ruling would be inconsistent with its prior order striking that motion. *See infra* note 10.

6

The court indicated that it would hear argument concerning only "additional information that I didn't have before me that was not in your motions that I've already read." No arguments were heard that day. The sentencing hearing was postponed to December 16, 2020, but before the end of the November 6, 2020 remote hearing,[6] Mr. Tallant's counsel "object[ed] that this portion here was not opened to the public"[7] and stated "that any and everything should be open to the public."

During the sentencing hearing on December 16, 2020, the court addressed its previous sealing order and indicated that Mr. Tallant's Supplemental Motion and all accompanying attachments were sealed pursuant to its June 30, 2020 order. Mr. Tallant filed a notice of appeal on December 28, 2020.[8] The appeals were consolidated via this Court's January 27, 2021 order.

## QUESTIONS PRESENTED

Mr. Tallant presents the following questions for our review:

I. Did the trial [c]ourt err and abuse its discretion by denying Mr. Tallant's Supplemental Motion for New Trial without holding a hearing as requested?

II. Were the facts alleged in Mr. Tallant's Supplemental Motion [f]or New Trial sufficient to establish a prima facie basis for granting a new trial?

---

[6] The remote hearing was held pursuant to the Chief Judge of the Court of Appeals' Administrative Order on Remote Hearings Held During the COVID-19 Emergency, which was issued on March 20, 2020. The order "authorized [courts] to conduct remote proceedings using communication platforms, consistent with the Administrative Order on the Implementation of Remote Electronic Participation in Judicial Proceedings filed June 18, 2018."

[7] From our review of the record, this appears to be a reference to the entire proceeding on November 6, 2020.

[8] This appeal was assigned No. 1253, Sept. Term 2020.

III.    Did the trial [c]ourt err and abuse its discretion by granting the State's Motion to Strike and Seal (1) without conducting a full adversary hearing as mandated by Maryland Rule 16-934(e); (2) failing to make findings regarding the interests sought to be protected by the order, as mandated by Maryland Rule 16-934(e)(2); and (3) failing to craft its June 30 Order narrowly as mandated by Maryland Rule 16-934(e)(3)?

IV.    Did the State violate its discovery obligations as prescribed by *Brady v. State of Maryland* and/or Maryland Rule 4-263 by suppressing (1) the information [the victim] reported only to prosecutors; (2) Lt. Black's complete Investigative Summary; and (3) notes, reports, and statements derived from prosecutors' investigation?

V.    Did the trial [c]ourt err and abuse its discretion by (1) admitting [the victim]'s testimony in reference to information she only reported to prosecutors; and (2) excluding Sergeant Jacob's testimony on whether Mr. Tallant should have been charged criminally?

VI.    Did the trial [c]ourt err and abuse its discretion by closing the courtroom during the November 6 proceeding?

## DISCUSSION

Before we discuss the merits of Mr. Tallant's contentions, we recast his questions presented. Questions I, II, IV, and a portion of V[9] are premised upon Mr. Tallant's

---

[9] With regard to the first portion of Question V concerning whether "the trial [c]ourt err[ed] and abuse[d] its discretion by . . . admitting [the victim]'s testimony in reference to information she only reported to prosecutors," Mr. Tallant argues that "the State suppressed evidence otherwise discoverable." This portion of Question V is addressed in the discovery violation portion of Mr. Tallant's Supplemental Motion and thus this issue, similar to Questions I, II and IV, is premised on the notion that the circuit court denied the Supplemental Motion on the merits.

The second portion of Question V concerns whether "the trial [c]ourt err[ed] and abuse[d] its discretion by . . . excluding Sergeant Jacob's testimony on whether Mr. Tallant should have been charged criminally." Aside from providing factual and procedural history on this issue, Mr. Tallant's brief states: (1) "[t]he [c]ourt's ruling was improper and constitutes abuse of discretion," and (2) "[b]ased on [Sgt. Jacob's] training and expertise, as well as his investigation in the case, his testimony would have, more likely than not, been relevant and its probative value would far outweigh any potential

8

averment that the circuit court's order granting the State's Motion to Strike and Seal Mr. Tallant's Supplemental Motion "was akin to a *denial* of his motion." (emphasis added). Mr. Tallant cites no legal authority to support that contention. The State apparently agrees with that interpretation of the court's order as it argues that the court properly denied the Supplemental Motion and refers to the court's order numerous times as a denial of the motion. We disagree with the parties' interpretation of the June 30, 2020 order.

The Court of Appeals has made clear that "court orders are construed in the same manner as other written documents and contracts, and if the language of the order is clear and unambiguous, the court will give effect to its plain, ordinary, and usual meaning, taking into account the context in which it is used." *Taylor v. Mandel*, 402 Md. 109, 125 (2007) (citation omitted). As explained by the Court, "[a]mbiguity exists, however, if 'when read by a reasonably prudent person, it is susceptible of more than one meaning.'" *Id.* at 125 (quoting *Calomiris v. Woods*, 353 Md. 425, 436 (1999)).

---

prejudice." Mr. Tallant's brief otherwise does not address the issue and cites no legal authority. Accordingly, we will not address it. *See* Md. Rule 8-504(a)(6) (requiring that briefs contain "[a]rgument in support of the party's position on each issue"). This Court previously stated that "[a] single sentence is insufficient to satisfy [Rule 8-504(a)]'s requirement" that a brief contain an argument in support of the party's position on each issue. *See Silver v. Greater Balt. Med. Ctr., Inc.*, 248 Md. App. 666, 688 n.5 (2020). Mr. Tallant's two-sentence argument in support of the second half of his Question V is likewise inadequate. *See* Md. Rule 8-504(a)(6), (c) (requiring a party's brief to provide an "[a]rgument in support of the party's position on each issue" and authorizing this Court to "dismiss the appeal or make any other appropriate order with respect to the case" if a party fails to comply with this rule).

9

Here, with regard to the motion to strike portion of the State's Motion to Strike and Seal, the applicable language of the court's order states: "it is hereby ORDERED, that the State's Motion to Strike Defendant's Supplemental Motion for New Trial is hereby GRANTED." There is no language in the order stating that Mr. Tallant's Supplemental Motion was denied. At the end of its motion, the State requested that the court "[s]trike Defendant's Supplemental Motion for New Trial." The State also requested, in the event its motion to strike was denied, "leave . . . to respond to the Defendant's Supplemental Motion for New Trial within 15 days of the [c]ourt's [o]rder being [d]ocketed." Because the State's motion to strike was granted, there was no need for the State to file a response on the merits to the Supplemental Motion, and no such response was filed. Neither the State's motion, nor the court's order, addressed the merits of the Supplemental Motion.

We find no ambiguity in the language of the June 30, 2020 order that would lead us to conclude that the Supplemental Motion was denied. Considering the plain language of the order and the context in which it was used, we conclude that the Supplemental Motion was not *denied* on the merits but was *stricken* from the record.[10] The questions

---

[10] The effect of the court's order striking the Supplemental Motion was as if the motion had not been filed. *Strike*, *Black's Law Dictionary* 1720 (11th ed. 2019) (defining the word strike as "[t]o expunge, as from a record," e.g., a "motion to strike the prejudicial evidence"); *see also* Md. Rule 1-311(c) (providing guidance about how to treat a filing that has been stricken from a record, explaining that "it may be stricken and the action may proceed as though the pleading or paper had not been filed"). During the November 6, 2020 hearing, the court stated "that a prima facie case and prima facie basis for granting a new trial was not established. Furthermore, the [c]ourt finds that it was not merely newly-discovered evidence." These comments did not convert its prior order striking the Supplemental Motion to a denial of that motion on the merits. Further, its

10

presented and our analysis, therefore, cannot flow from a denial of the Supplemental Motion.

Because the Supplemental Motion was stricken from the record, we consolidate and recast Questions I, II, IV, and the first half of V that addresses the alleged discovery violation as the following:

1. Did the circuit court abuse its discretion when it granted the State's Motion to Strike Mr. Tallant's Supplemental Motion for New Trial?

We rephrase Question III by substituting references to the current rule with the rule that was applicable at the time. As the State correctly points out in its brief, Rule 16-934, which is cited in Mr. Tallant's Question III, became effective on August 1, 2020, after Mr. Tallant's motion was filed on June 9, 2020 and the court's June 30, 2020 order was entered. Instead, former Rule 16-912 was in effect at the time and is thus applicable here.[11] We recast Question III as follows:

2. Did the circuit court abuse its discretion by granting the State's motion to seal (1) without conducting a full adversary hearing as mandated by former Rule 16-912(d)(1); (2) failing to make findings regarding the interests sought to be protected by the order as mandated by former Rule 16-912(d)(2); and (3) failing to craft its June 30 order narrowly as mandated by former Rule 16-912(d)(3)?

Question VI, the substance of which remains the same, is renumbered:

3. Did the circuit court err or abuse its discretion by closing the courtroom during the November 6 proceeding?

---

comments could not be reasonably understood as addressing, in the first instance, the merits of a motion that was struck from the record or as clarifying a prior ruling denying that motion when no such order was entered.

[11] Former Rule 16-912 was in effect from July 1, 2016 to July 31, 2020. As of August 1, 2020, former Rule 16-912 was renumbered as Rule 16-934.

As explained in detail below, the circuit court abused its discretion when it granted the State's Motion to Strike and Seal Mr. Tallant's Supplemental Motion. We reverse the court's order granting the State's motion to strike the Supplemental Motion, vacate the court's order granting the State's motion to seal the Supplemental Motion, and remand the case for further proceedings. With regard to the circuit court's closure of the courtroom during the November 6 proceeding and Mr. Tallant's request for a different trial judge, these issues were inadequately briefed, and we will not address them. *See* Md. Rule 8-504(a)(6).

## I.  STANDARD OF REVIEW

We review a circuit court's grant of a motion to strike for an abuse of discretion. *First Wholesale Cleaners Inc. v. Donegal Mut. Ins. Co.*, 143 Md. App. 24, 41 (2002). We review a court's grant or denial of a motion to seal under that same standard. *See State v. WBAL-TV*, 187 Md. App. 135, 164-65 (2009). In doing so, we must determine whether the "trial judge . . . use[d] his or her discretion soundly and the record must reflect the exercise of that discretion." *Garg v. Garg*, 393 Md. 225, 238 (2006) (quoting *Jenkins v. State*, 375 Md. 284, 295 (2003)). An "[a]buse occurs when a trial judge exercises discretion in an arbitrary or capricious manner or when he or she acts beyond the letter or reason of the law." *Garg*, 393 Md. at 238 (quoting *Jenkins*, 375 Md. at 295-96). Indeed, "when an otherwise discretionary decision is premised upon legal error, that decision is necessarily an abuse of discretion because 'the court's discretion is always tempered by the requirement that the court correctly apply the law applicable to the

12

case.'"  *Bass v. State*, 206 Md. App. 1, 11 (2012) (quoting *Arrington v. State*, 411 Md. 524, 552 (2009)).

## II.    ANALYSIS

### A.    The Circuit Court Abused Its Discretion When It Granted the State's Motion to Strike.

The title of Mr. Tallant's Supplemental Motion—Defendant's Supplemental Motion for New Trial and Request for a Hearing—is not an accurate description of the grounds for the motion or the context of its filing in the procedural history of the case.  A review of the title alone could lead the reader to conclude that the Supplemental Motion was just as stated—a supplement to the previously filed motion for new trial, motion for reconsideration, and motion for appropriate relief.[12]  The first paragraph of the Supplemental Motion and the procedural history of the case, however, elucidate that while the motion was filed as a supplement to the initial motion for new trial premised on Rule 4-331(a), the Supplemental Motion was also the first time that Mr. Tallant filed a motion for a new trial pursuant to Rule 4-331(c).[13]

---

[12] Indeed, at the beginning of the Supplemental Motion, Mr. Tallant explicitly states that he "submits this [motion] in furtherance of [those] previous filings."

[13] "It is well established in Maryland law that a court is to treat a paper filed by a party according to its substance[] and not by its label."  *Corapcioglu v. Roosevelt*, 170 Md. App. 572, 590 (2006).  "Courts . . . are expected to look at the substance of the allegations before them, not merely at labels or conclusory averments."  *Id.* (quoting *Alitalia Linee Aeree Italiane v. Tornillo*, 320 Md. 192, 195 (1990)); *see also Campbell v. State*, 373 Md. 637, 664 (2003) (holding that "a supplement to a motion for a new trial that alleges entirely different grounds for relief cognizable elsewhere in . . . Rule [4-331] may be treated as a separate motion for new trial" and, in doing so, declining to "elevate form over substance").

The State's one-sentence argument in its Motion to Strike and Seal in support of its request to strike stated, without citing any authority, that "[b]ecause the [c]ourt denied the Defendant's [m]otion for new [t]rial [on January 22, 2020,] the State is asking that this . . . [c]ourt strike the Defendant's Supplement[al Motion] as *moot*." (emphasis added). The State's entire argument in support of its motion to strike the Supplemental Motion was based on the prior denial of the original motion for new trial pursuant to Rule 4-331(a) and the mootness doctrine. This overlooks that there was no prior ruling addressing the Rule 4-331(c) portion of the Supplemental Motion.

In challenging the court's order striking the Supplemental Motion, Mr. Tallant emphasizes that his motion alleged grounds for relief different from those raised in his original motion for new trial. The State does not appear to address the mootness issue in its brief.

"An issue is moot when '[t]here is no longer an existing controversy . . . or when there is no longer an effective remedy the [c]ourt could grant.'" *Morris v. State*, 192 Md. App. 1, 15 (2010) (first alteration in original) (quoting *Armstrong v. Mayor of Baltimore*, 409 Md. 648, 674 (2009)). In other words, "mootness prevents . . . review [of an issue] only when 'the court can no longer fashion an effective remedy.'" *Hawkes v. State*, 433 Md. 105, 130 (2013) (quoting *In re Kaela C.*, 394 Md. 432, 452 (2006)).

Relevant to the mootness issue is Rule 4-331, which provides multiple grounds for a new trial and specifies the filing deadline for each ground. As summarized by the Court of Appeals,

[s]ection (a) of the [R]ule allows a trial judge to award a new trial if he or she determines it to be "in the interest of justice" and the motion is filed within ten days after a verdict is rendered. Rule 4-331(b) provides the circuit court with the power to set aside an unjust or improper verdict on motion filed within ninety days after imposition of sentence or in cases of fraud, mistake, or irregularity on motion filed beyond ninety days. . . . Section (c) permits the court to grant a new trial on the basis of newly discovered evidence "which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule." Section (c) further stipulates, in pertinent part, that such motion must be filed before the later of one year after sentence was imposed or when the trial court received a mandate issued by one of the appellate courts.

*Campbell*, 373 Md. at 656 (quoting Md. Rule 4-331(a), (c)).

The Supplemental Motion alleged a new ground not included in the original motion for new trial that was denied by the circuit court—Mr. Tallant argued that he was entitled to a new trial based on the newly discovered evidence ground under Rule 4-331(c). As indicated above, the deadline for moving for a new trial pursuant to Rule 4-331(c) is, in relevant part, within one year after the sentence was imposed. Md. Rule 4-331(c)(1). Although the Supplemental Motion was filed prior to sentencing, the Court of Appeals held that "a supplement to a motion for a new trial that alleges entirely different grounds for relief cognizable elsewhere in the Rule[, such as newly discovered evidence under section (c),] may be treated as a separate motion for new trial" and that the circuit court has discretion to consider such a motion premised on Rule 4-331(c) that is filed prematurely. *Campbell*, 373 Md. at 664-65. Thus, we cannot conclude that, in the context of the Supplemental Motion, there was "no longer any effective remedy which the court c[ould] provide." *Simms v. State*, 232 Md. App. 62, 68 (2017) (quoting *Att'y*

15

*Gen. v. Anne Arundel County Sch. Bus Contractors Ass'n*, 286 Md. 324, 327 (1979)); *see also Clark v. O'Malley*, 186 Md. App. 194, 216-18 (2009) (holding that the expiration of plaintiff's term of employment did not render the entire case moot but did moot his request for reinstatement); *Cottman v. State*, 395 Md. 729, 743 (2006) (concluding that an appeal was rendered moot when "the [c]ircuit [c]ourt's grant of a new trial eliminated the judgment of conviction[] [because] there no longer remained a judgment . . . to affirm, reverse, or vacate").

The circuit court abused its direction when it granted the State's motion to strike, which was based on mootness. Accordingly, we reverse the circuit court's order granting the motion to strike Mr. Tallant's Supplemental Motion and remand the case with instructions for the court to consider that motion on the merits.

### B. The Circuit Court Abused Its Discretion When It Granted the State's Motion to Seal.

When the circuit court granted the State's motion to seal, it sealed the entirety of Mr. Tallant's 43-page Supplemental Motion, including over 600 pages of exhibits attached to the Supplemental Motion, and the State's Motion to Strike and Seal.[14]

Mr. Tallant argues that the circuit court abused its discretion by granting the motion to seal because it did not conduct a hearing, failed to make findings regarding the interest sought to be protected, and did not craft its order narrowly. In opposition, the

---

[14] Mr. Tallant attached numerous documents to his Supplemental Motion, including trial transcripts, interviews of multiple witnesses conducted by the Internal Affairs Division of the Prince George's County Police Department, and evidence Mr. Tallant contends was newly discovered.

16

State contends that Mr. Tallant's arguments are "purely procedural," "[t]he best reading of the circuit court's action was that it was granting a temporary order under Rule 16-912(c)," and, "[a]t most," the remedy this Court should order is a "limited remand for the [State] and the [circuit] court to do some 'i' dotting and 't' crossing pursuant to the final order section of . . . [R]ule [16-912(d)]."

Former Rule 16-912 addressed the sealing of court records. There are two kinds of orders under the rule: temporary orders[15] and final orders. Former Rule 16-912(d) governed final orders and provided, in pertinent part:

> (1) After *an opportunity for a full adversary hearing*, the court shall enter a final order:
>     (A) precluding or limiting inspection of a case record that is not otherwise shielded from inspection under the Rules in this Chapter.

---

[15] Former Rule 16-912(c) addressed temporary orders and provided:

> (1) The court shall consider a motion filed under this Rule on an expedited basis.
>
> (2) In conformance with the provisions of Rule 15-504 (Temporary Restraining Order), the court may enter a temporary order precluding or limiting inspection of a case record if it clearly appears from specific facts shown by affidavit or other statement under oath that (A) there is a substantial basis for believing that the case record is properly subject to an order precluding or limiting inspection, and (B) immediate, substantial, and irreparable harm will result to the person seeking the relief or on whose behalf the relief is sought if temporary relief is not granted before a full adversary hearing can be held on the propriety of a final order precluding or limiting inspection.
>
> (3) A court may not enter a temporary order permitting inspection of a case record that is not otherwise subject to inspection under the Rules in this Chapter in the absence of an opportunity for a full adversary hearing.

(B) permitting inspection, under such conditions and limitations as the court finds necessary, of a case record that is not otherwise subject to inspection under the Rules in this Chapter; or

(C) denying the motion.

(2) A final order shall include *findings regarding the interest sought to be protected by the order*.

(3) A final order that precludes or limits inspection of a case record shall be as *narrow as practicable in scope and duration* to effectuate the interest sought to be protected by the order.

(emphasis added).

The State's motion to seal did not cite any authority in support of its sealing request. Indeed, the motion did not cite former Rule 16-912, which the circuit court was obligated to follow in ruling on the motion. The State's entire argument in its motion to seal is comprised of only two sentences, which asserted that the Supplemental Motion "attempts to defame the character and reputation" of particular individuals "with baseless and false allegations" that are "inappropriate and irrelevant to this matter."

The language of the circuit court's order pertaining to the motion to seal states:

> Upon consideration of [the] State'[s] Motion to Strike Defendant's Supplemental Motion for New Trial and Motion to Seal, . . . on this day 30th Day of June 2020, it is hereby . . . ORDERED, that the State's Motion to Seal the Defendant's Supplemental Motion for New Trial and the State's Motion to Strike is hereby GRANTED.

At the December 16, 2020 sentencing hearing, at the request of Mr. Tallant's counsel and over five months after the order was entered by the circuit court, it clarified the scope of materials that were sealed. We do not agree with the State that the language of the order and the procedural history would require, "at most," only a "limited remand for the

18

[State] and the [circuit] court to do some 'i' dotting and 't' crossing pursuant to the final order section of the [R]ule."

It is clear from the record that the circuit court did not comply with the requirements of former Rule 16-912(d) and thereby abused its discretion. Under former Rule 16-912, the court must provide an opportunity for a "full adversary hearing" and must include in its final order findings detailing "the interest sought to be protected by the order." Former Rule 16-912(d)(1), (2); *see also Balt. Sun Co. v. Colbert*, 323 Md. 290, 305-06 (1991) (emphasizing the circuit court's obligation when ruling on a motion to seal to identify the interest sought to be protected and to articulate specific findings in support of those interests). Former Rule 16-912(d)(3) further provides that the court's order must be "as narrow as practicable in scope and duration to effectuate the interest sought to be protected by the order."

Here, the circuit court failed to give Mr. Tallant the opportunity for a full adversary hearing, prior to issuing its sealing order, as requested by Mr. Tallant in his Opposition to State's Motion to Strike and Seal. Further, its order failed to include any findings regarding the interests the State sought to protect in comportment with former Rule 16-912(d). Additionally, we cannot conclude that the court's order sealing Mr. Tallant's Supplemental Motion, accompanying exhibits, and the State's motion to seal was "as narrow as practicable in scope and duration to effectuate the interest sought to be protected by the order." Former Rule 16-912(d)(3). Therefore, considering the court's noncompliance with the procedural requirements set forth in former Rule 16-912(d), we vacate the sealing order and direct the circuit court on remand to hold a hearing and make

19

the findings required by this Rule.  Pending the resolution of the motion to seal on

remand, the Supplemental Motion, appendices, and exhibits shall remain sealed.

> **C.**    **The Question Presented Regarding Closure of the November 6, 2020 Proceeding Was Not Adequately Briefed.**

The following exchange took place at the end of the November 6, 2020 proceeding

between the court and Mr. Tallant's counsel[16]:

> [DEFENSE COUNSEL]:  I guess I have a question about this.  Was this proceeding here, was this part opened up to the public in reference to the public on Zoom[17] as well?
>
> [THE COURT]:  Yes, it was.  That's what I – this part, that was just a preliminary matter.  All the other people are waiting for us.
>
>     I'm going to go back in and tell them that it's been continued.  So this was just a preliminary matter that we were sorting out.
>
>     And, also, we will be sorting out what will be able to be said to the public during the sentencing and what portion may have to be closed for limited purposes. . . .  And we will discuss that as a preliminary matter before the in-person sentencing hearing just like we did this preliminary matter.
>
> [DEFENSE COUNSEL]:  Well, I understand that, Your Honor.  Just for the record, we would object that this portion here was not opened to the public.  We would also object that, you know, we feel that any and everything should be opened to the public.  I just want to put that on the record.

---

[16] A significant portion of this proceeding consisted of rescheduling the sentencing hearing.

[17] Zoom is an online video platform, which has been used to facilitate remote hearings because some court hearings have not been able to be held in person due to the COVID-19 pandemic.  *See Remote Hearing Toolkit*, Maryland Courts, https://mdcourts.gov/legalhelp/remotehearing (last visited Apr. 1, 2022).

[THE COURT]: All right. Thank you.

Mr. Tallant, in his brief, provides the following one-sentence argument in support of his contention that the court's closure decision was erroneous: "In Mr. Tallant's case, at no time did he either request or consent to closing the courtroom, nor did the [c]ourt notify counsel ahead of time, or even when already on the record, that the proceedings would be closed to the public." The State, in response, flags inadequacies in Mr. Tallant's argument, noting that he fails to cite the standard governing courtroom closures or provide an argument that such standard was not met in this case.

Maryland courts have the discretion to decline to address issues that have not been adequately briefed by a party. *See, e.g.*, *HNS Dev., LLC v. People's Couns. for Baltimore County*, 425 Md. 436, 458-60 (2012); *Darling v. State*, 232 Md. App. 430, 465-66 (2017). Here, other than referencing *Doe v. Shady Grove Adventist Hospital*, 89 Md. App. 351 (1991), for the proposition that "Maryland judicial proceedings . . . have been presumed open to the public," *see id.* at 359, and "[i]t is well established in criminal law that the right to public access to trials and to records is inherent in the . . . United States Constitution and . . . the Maryland Declaration of Rights,"[18] Mr. Tallant cites no controlling law in support of his assertion that the court erred in closing the courtroom during the November 6, 2020 proceeding. As this Court has previously explained, an

---

[18] In Mr. Tallant's brief, he purports this quote is from *Doe v. Shady Grove Adventist Hospital*, 89 Md. App. 351 (1991). This quote, however, is from an unreported case in contravention of Rule 1-104. Md. Rule 1-104(a) ("An unreported opinion of the . . . Court of Special Appeals is neither precedent within the rule of stare decisis nor persuasive authority."); *see Ucheomumu v. Peter*, Nos. 0931, 1161, Sept. Term 2018, 2020 WL 2316646, at *5 (Md. App. May 11, 2020) (footnote omitted).

appellate court will not search for law to sustain a party's position. *Rollins v. Cap. Plaza Assocs., L.P.*, 181 Md. App. 188, 202 (2008). We therefore decline to address this issue pursuant to Rule 8-504(a)(6).

### D. Mr. Tallant's Request for a Different Trial Judge Lacks a Legal Argument in Support of His Request.

Mr. Tallant raised his request for "a new trial before a *different [j]udge*" for the first time in the last sentence of his brief. (emphasis added). His brief lacks a legal proposition in support of his request and does not contain any argument in support of it.

In the introductory paragraph of his reply brief, Mr. Tallant makes a claim about the circuit court "acting in tandem" with the State as follows:

> "The Star Chamber has become a synonym for secrecy, severity and extreme injustice."[19] It is also the appropriate description for the State's proceedings against Mr. Tallant . . . . Beginning with prosecutors' investigation and continuing throughout trial and post-trial judicial rulings, the case against Appellant has been shrouded in secrecy, bearing a closer resemblance to a proceeding before the Star Chamber than one before a Circuit Court in the State of Maryland. From prosecutorial misconduct to errors of law, and abuse of judicial discretion, Appellant has been denied due process rights afforded to him by the United States Constitution, Maryland's Declaration of Rights, Maryland Rules of Procedure, and found throughout case law, every step along the way, culminating with *the State and [circuit c]ourt acting in tandem* to silence him and conceal their actions from the public by "striking" and "sealing" his Supplemental Motion for New Trial . . . and its exhibits, and closing the courtroom over his objections during a November 6, 2020 hearing . . . .

---

[19] For this quotation, Mr. Tallant provided the following citation: "Zande, Daniel L. Vande. 'Coercive Power and the Demise of the Star Chamber.' *The American Journal of Legal History*, vol. 50, no. 3, [Temple University, Oxford University Press], 2008, pp. 326-49, https://doi.org/10.2307/25734129."

(emphasis added) (footnote omitted).

As with his brief, Mr. Tallant's reply brief contains no supporting arguments and cites no law in support of his request for a different circuit court judge. As discussed in prior sections of this opinion, we decline to address this issue pursuant to Rule 8-504(a)(6).

## CONCLUSION

For the foregoing reasons, we reverse the circuit court's order granting the State's motion to strike, vacate the order granting the State's motion to seal, and remand this case to the circuit court for further proceedings not inconsistent with this opinion.

**THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY'S ORDER GRANTING THE STATE'S MOTION TO STRIKE THE SUPPLEMENTAL MOTION FOR NEW TRIAL IS REVERSED;**

**THE CIRCUIT COURT'S ORDER GRANTING THE STATE'S MOTION TO SEAL THE SUPPLEMENTAL MOTION FOR NEW TRIAL, THE ATTACHMENTS TO THE SUPPLEMENTAL MOTION, AND THE STATE'S MOTION TO SEAL IS VACATED; PENDING THE RESOLUTION OF THE MOTION TO SEAL ON REMAND, THE SUPPLEMENTAL MOTION, APPENDICES, AND EXHIBITS SHALL REMAIN SEALED;**

**CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

23

**COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**